[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12122

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANE GILLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:15-cr-00226-CEM-GJK-1

_____

Before BRANCH, and BLACK, Circuit Judges.*

PER CURIAM:

Dane Gillis appeals his 365-month total sentence for enticing a minor to engage in sexual conduct and making threatening communications.   Gillis was previously convicted and sentenced by the district court to a total of 365 months' imprisonment, but, following an appeal, we reversed one of his convictions which necessitated a resentencing. *See United States v. Gillis*, 938 F.3d 1181, 1210 (11th Cir. 2019).  On remand, the district court allowed Gillis to submit additional materials, but it ultimately reimposed the same total sentence.  After review, we affirm Gillis's sentence.

We review sentences imposed by the district courts for reasonableness using a two-step process. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  First, we determine "whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.*  The district court's explanation need not discuss each of the § 3553(a) factors individually. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  Nor is a full, written opinion required at every sentencing, but the district court "should set forth enough to satisfy the

---

* This opinion is being entered by a quorum pursuant to 28 U.S.C. § 46(d).

appellate court that [it] has considered the parties' arguments and has a reasoned basis for" the sentencing decision. *Rita v. United States*, 551 U.S. 338, 356 (2007).

Second, we determine "whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors." *Cubero*, 754 F.3d at 892. The substantive reasonableness of a sentence is reviewed deferentially, only for abuse of discretion, and the burden is on the party challenging the sentence to show that it is unreasonable. *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). "[A] district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably, . . . arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." *Id.* (internal quotation marks omitted).

The district court must consider all the § 3553(a) factors[1] relevant to the case before it, but it is not required to give each

---

[1]  The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just

factor equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Indeed, "the sentencing court is permitted to attach great weight to one factor over others." *Id.* (internal quotation marks omitted). But, while the weight given to each factor is a matter left to the district court's direction, "unjustified reliance on any one . . . factor is a symptom of an unreasonable sentence." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Gillis has not shown the district court made any "significant procedural error." *See Cubero*, 754 F.3d at 892. The Amended Presentence Investigation Report (PSI) contained substantially the same facts as the Original PSI, but recalculated the sentencing guideline range, accounting for the reversal of one of Gillis's convictions. This recalculation resulted in a total offense level of 38—two levels lower than the original PSI—and a criminal history category of I. The resulting guideline imprisonment range was 235 to 293 months. There were no objections to the factual findings or the guideline calculations contained in the Amended PSI.

---

punishment for the offense, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)-(7).

At Gillis's resentencing hearing, the judge adopted the Amended PSI's calculation of the sentencing guidelines. The judge stated he had reviewed his notes from trial. He also reviewed the sentencing statement he made at the initial sentencing hearing. In addition, he read the transcript of the initial sentencing hearing.

The judge also received all the new evidence offered by Gillis—including medical records, testimony, and a Federal Bureau of Prisons risk assessment—regarding changes in Gillis's circumstances between the first and second sentencings. The court expressly stated it would take the new evidence offered by Gillis into consideration in determining his total sentence on remand. *See Pepper v. United States*, 562 U.S. 476, 490-91 (2011) (explaining the district court may consider post-conviction developments in determining the appropriate sentence on resentencing). The Government offered no new evidence but did ask that the victim be allowed to make a statement. The victim spoke about her gratefulness toward law enforcement for catching Gillis before he could carry out his plan and asked the district court to "hold fast to the original ruling."

After hearing this testimony and the parties' arguments, the district judge read into the record the statement it gave at Gillis's initial sentencing hearing, stating he still thought it was applicable at resentencing.

> I'm not going to go over all the lurid details, as the record is replete with examples of what you wrote, said, and did. The jury rejected your theory of the

6                          Opinion of the Court                    20-12122

case where you assert that the entirety of your conduct was nothing more than role playing, void of any real intent to engage in the conduct charged.

I think many of your supporters would be horrified at the extent to which you exhibited a complete lack of respect to your co-worker.  That lack of respect is appalling.   The terminology you sent complete strangers describing what you wanted to do to your co-worker [shocks the conscience].   And I do recall quite clearly your dehumanizing of your former co-worker at trial by referring to her as a MILF in front of the jury.  I doubt you even noticed what you were doing at the time.

While I am fully aware of your continued claim of role playing, one, does one need to steal a security code to post online pretending to be a co-worker in order to role play; two, does someone need to post actual photos of a co-worker online while soliciting strangers to kidnap and rape the co-worker in order to role play; three, does someone go to the effort of scheduling a kidnapping and rape during the time period when the co-worker's husband would have been out of town if they were just role playing; four, does someone drive approximately one hour from Leesburg to Orlando, Florida, under the premise of engaging in sex with a child, if they are just role playing; and five, does someone admit to the F.B.I. that they masturbate at the thought of having sex with an 11-year-old, if they are just role playing?

I went on to say that I further reject the notion that you never exposed your co-worker to actual danger. That was your claim at sentencing and at trial. It took only a minimal amount of effort, and by effort I mean the zoom button on a computer, for the F.B.I. to determine your co-worker's actual identity. It was right there in the photo.

Further, the implication that the impact on your co-worker was limited because she was unaware of the postings until a later date is without merit. She was in no less danger, and the prospect of examining and reexamining every past interaction with you, after she finally learned what you had been doing right under her nose would rattle any person to their core, and that hasn't changed considering the victim M.O.'s presence here at trial. This is just awful.

This statement explains the significant weight the court gave to the seriousness of Gillis's conduct and its finding, based on the conflicting evidence and arguments before it, that he posed a significant risk of reoffending. The court then reimposed the same 365-month sentence, noting that it now followed an upward variance. After a thorough review of the resentencing proceedings, we are satisfied that the district court considered the parties' arguments and had a reasoned basis for Gillis's sentence. *See Rita*, 551 U.S. at 356. Gillis's sentence is procedurally reasonable.

Nor has Gillis shown the district court abused its discretion in reimposing the original 365-month total sentence, this time as an upward variance. The district court gave great weight to two

of the § 3553(a) factors—specifically, the need for the total sentence to reflect the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A), and to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C)—and Gillis has not shown that this weighing was improper. Moreover, the fact that a lower guideline range applied and new, mitigating evidence was presented did not necessarily require the district court to impose a lower sentence. *See Rosales-Bruno*, 789 F.3d at 1259 (stating that the applicable guideline range is lower at resentencing than it was at the initial sentencing does not obligate the district court to impose a lower sentence). So long as the court considered the relevant factors anew, its determination the original total sentence remained appropriate was reasonable. *See id.*

Moreover, the district court's 72-month upward variance in this case—from 293 months to 365 months, or approximately 24.5%--was smaller in percentage terms than those which this Court has described as "major," requiring greater justification under *Gall v. United States*, 552 U.S. 38, 47 (2007). *See United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc). And it is significantly less in absolute terms than upward variances that this Court has affirmed as reasonable. *See United States v. Overstreet*, 713 F.3d 627, 639-40 (11th Cir. 2013) (collecting cases). The district court's total sentence in this case—a minor upward variance relative to the guideline range, based on the heavy weight the court gave to the defendant's conduct and risk of reoffending—was not an abuse of discretion.

20-12122                Opinion of the Court                9

In sum, we conclude Gillis's 365-month total sentence was both  procedurally and substantively reasonable.  Accordingly, we affirm.

**AFFIRMED.**